IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | | |
|---|---|---|
| PLUM CREEK ESTATES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | 2:16-CV-01612-CRE |
| | ) | |
| vs. | ) | |
| | ) | |
| ROBERT JACKSON, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |

**REPORT AND RECOMMENDATION**

Cynthia Reed Eddy, United States Magistrate Judge.

**I.   RECOMMENDATION**

Presently before the Court is plaintiff Plum Creek Estates, LLC's ("Plum Creek Estates") motion to remand. [ECF No. 4]. For the reasons that follow, it is respectfully recommended that the motion be granted and this case be remanded to state court.

**II.   REPORT**

a. Background

Plum Creek Estates, a Pennsylvania corporation,[1] initiated the present eviction action in the Court of Common Pleas of Allegheny County, Pennsylvania alleging a claim for unpaid rent against defendant Robert Jackson ("Jackson") for property leased by Plum Creek Estates to

---

[1] According to the Pennsylvania Department of State, Plum Creek Estates, LLC entity number 569671 is a limited liability company incorporated in Pennsylvania with an address of 1411 Saw Mill Run Boulevard, Pittsburgh, Pennsylvania 15210, and the court will take judicial notice of this matter of public record. *Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 257 n. 5 (3d Cir.2006) (the court may take judicial notice of government agency records and judicial records); *Pension Benefit Guarantee Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir.1993) (same). *Airlines Reporting Corp. v. Belfon*, No. CIV.A2003/146, 2010 WL 3664065, at *20 (D.V.I. Sept. 16, 2010) (taking judicial notice of the state of incorporation from the public record).

1

Jackson and seeking the eviction of Jackson from the property. [ECF No. 3-1]. According to Jackson, the Pennsylvania Magisterial District Justice entered a decision in his favor on August 3, 2016. Thereafter, on or about September 9, 2016, Plum Creek Estates filed an appeal of the Pennsylvania Magisterial District Justice's decision and a complaint in the Court of Common Pleas of Allegheny County, Pennsylvania seeking possession of the property and damages for unpaid rent. On October 11, 2016, Plum Creek Estates submitted to Jackson a notice of intent to take default for failure to file an answer to Plum Creek Estates' complaint and on October 24, 2016, Plum Creek Estates filed for default judgment.

On or about October 24, 2016, Jackson removed the case to this Court. Plum Creek estates filed a motion to remand on November 2, 2016 alleging that no federal jurisdiction exists over this matter. While this Court entered a briefing order requiring Jackson to respond to the motion to remand, he has failed to do so as of this date. [ECF No. 5]. Thus, this recommendation is made without the benefit of Jackson's response.

      b. Jurisdiction

Although the federal judiciary is a co-equal branch of government under Article III of the Constitution of the United States, federal court jurisdiction is limited and strictly defined by Congress, and accordingly, it is a "bedrock principle that federal courts have no jurisdiction without statutory authorization." *Exxon Mobile Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 543, 553 (2005). Removal of state court actions into federal court is governed by 28 U.S.C. Section 1441, which provides:

> (a) Generally. -- Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). Removability is determined from a plaintiff's pleadings at the time of removal, *Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6, 14 (1951), and a defendant bears the burden of proof to establish removal jurisdiction. *Echevarria v. Schindler Elevator Corp.*, No. CIV.A. 14-2411, 2015 WL 356942, at *5 (E.D. Pa. Jan. 26, 2015); *Martin v. Wal-Mart Stores, Inc.*, 709 F. Supp. 2d 345, 350 (D.N.J. 2010) ("Removing defendants cannot avoid their burden of establishing this Court's subject-matter jurisdiction by expecting that jurisdiction will be assumed unless disproven.").

Where a defendant claims that the federal court's jurisdiction rests on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332, the onus is on the defendant to show that the controversy is between "citizens of different States" and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). The party asserting jurisdiction in federal court "must specifically allege each party's citizenship, and these allegations must show that the plaintiff and defendant are citizens of different states." *American Motorists Ins. Co. v. American Emp'rs Ins. Co.*, 600 F.2d 15, 16 (5th Cir. 1979); *see also Universal Reins. Co., Ltd. v. St. Paul Fire & Marine Ins. Co.*, 224 F.3d 139, 141 (2d Cir. 2000) ("The failure to allege [the party's] citizenship in a particular state is fatal to diversity jurisdiction"). Complete diversity must exist between the adverse parties in the action; that is, the citizenship of each plaintiff must be diverse from that of each defendant. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 (1978).

Absent diversity of citizenship, federal-question jurisdiction is required for removal. 28 U.S.C. § 1331; *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350, 353 (3d

3

Cir.1995). Under the well-pleaded complaint rule, a case ordinarily may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue. *Caterpillar*, 482 U.S. at 393 (citing *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 12 (1983)).

c. Discussion

This court lacks jurisdiction over the present suit and the case should be remanded to state court.

First, there is no federal question presented on the face of plaintiff's complaint, as the state court complaint is one for eviction and unpaid rent. It is well settled that federal courts typically lack "subject matter jurisdiction over state eviction actions or other landlord-tenant matters." *Eubanks v. Young Women's Christian Ass'n*, No. 1:CV-13-CV-2050, 2013 WL 4781033, at *8 (M.D. Pa. Sept. 5, 2013) (quoting *Senior v. University Towers Associates*, 2008 WL 649713, *3 (E.D.N.Y. March 10, 2008)). *Accord Rutter v. Wright*, No. 15-CV-4418 RMB/KMW, 2015 WL 3949092, at *1 (D.N.J. June 29, 2015); *Hous. Auth. of City of Bayonne v. Hanna*, No. CIV. A. 08-5988 FSH, 2009 WL 1312605, at *2 (D.N.J. May 11, 2009); *United Mut. Houses, L.P. v. Andujar*, 230 F.Supp.2d 349, 352–353 (S.D.N.Y.2002); *Evans v. Sentry Property Management Corp.*, 852 F.Supp. 71, 72 (D.Mass.1994).

Next, Jackson alleges that there is diversity jurisdiction because Bruce Paul Miller, Jackson's alleged landlord, is a Virginia resident. ECF No. 3 at ¶¶ 18-19. Bruce Paul Miller is not a party to this action and only the residency of Plum Creek Estates, LLC is relevant to this analysis. Plum Creek Estates, LLC is a limited liability company incorporated in Pennsylvania. Defendant has not indicated where he is domiciled. Jackson "must specifically allege each

party's citizenship, and these allegations must show that the plaintiff and defendant are citizens of different states." *American Motorists Ins. Co. v. American Emp'rs Ins. Co.*, 600 F.2d 15, 16 (5th Cir. 1979); *see also Universal Reins. Co., Ltd. v. St. Paul Fire & Marine Ins. Co.*, 224 F.3d 139, 141 (2d Cir. 2000) ("The failure to allege [the party's] citizenship in a particular state is fatal to diversity jurisdiction"). The court finds that Jackson has failed to satisfy his burden of showing diversity of citizens between himself and Plum Creek Estates, LLC and therefore the case will be remanded to state court.

   d. Conclusion

Based on the foregoing, it is respectfully recommended that plaintiff Plum Creek Estates, LLC's motion to remand [ECF No. 4] be granted and this case be remanded to state court.

Therefore, pursuant to 28 U.S.C. § 636(b)(1)(B)-(C), Federal Rule of Civil Procedure 72, and the Local Rules for Magistrates, the parties have until **February 21, 2017** to file objections to this report and recommendation. Unless Ordered otherwise by the District Judge, responses to objections are due **March 7, 2017**. Failure to file timely objections may constitute a waiver of any appellate rights. *Brightwell v. Lehman*, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).


Dated: February 6, 2017.

                Respectfully submitted,
                s/ Cynthia Reed Eddy
                Cynthia Reed Eddy
                United States Magistrate Judge


cc:    ROBERT JACKSON
       605 Beech Dr.
       Trafford, PA 15085

       Counsel of record via CM/ECF electronic filing